## DICK TURNER *v.* THE STATE.

INFORMATION. — Article 404 of the Code of Criminal Procedure prohibits the presentment of an information until oath has been made by some credible person, charging the defendant with an offense. This article is applicable to informations in the County Courts under the acts of 1876; and, consequently, such an oath is indispensable to the validity of an information in a County Court.

APPEAL from the County Court of Houston. Tried below before the Hon. S. A. MILLER, County Judge.

*Moore & Spence*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. By the 9th section of the act of June 16, 1876, entitled " An Act to organize the County Courts and define their powers and jurisdiction, " it is expressly provided that " the provisions of the Code of Criminal Procedure of the state, and the several acts amendatory of and supplemental thereto, should govern the practice and procedure in the County Courts, so far as the same are applicable and not in

conflict with the provisions of this act." Gen. `Laws Fifteenth Legislature, 20.

There is no provision of that act or of the amendment thereto (Acts Fifteenth Legislature, 172), or of the act entitled " An act to define and regulate the duties of county attorneys " (Acts Fifteenth Legislature, 85), which is in conflict with article 404 of the Code of Criminal Procedure (Pasc. Dig., art. 2871), which reads as follows, viz. : " An information shall not be presented by the district (county) attorney until oath has been made by some credible person charging the defendant with an offense. This oath shall be reduced to writing and filed with the information. It may be sworn to before the district (county) attorney, who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths." The other rules with reference to the prosecution of offenses by information may be found in the General Laws of the Fifteenth Legislature, page 20, section 8; pages 87 and 88, sections 13–18.

An affidavit by some credible person is absolutely essential to the validity of an information. *Davis* v. *The State*, 2 Texas Ct. App. 184; *Daniels* v. *The State*, 2 Texas Ct. App. 353.

There being no affidavit upon which the information in the case we are considering is based, the judgment of the lower court is reversed and the case is dismissed.

*Dismissed.*